# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EBONEE GILLIARD § | |
| § | |
| v. § | CIVIL ACTION NO. 3:24-CV-1051-S |
| § | |
| SOUTHWEST AIRLINES FEDERAL § | |
| CREDIT UNION § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Southwest Airlines Federal Credit Union's Rule 12(b)(6) Motion to Dismiss Plaintiff Ebonee Gilliard's Original Complaint ("Motion") [ECF No. 6]. The Court has reviewed the Motion and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This employment discrimination lawsuit arises out of Plaintiff's three-day term of employment with Defendant. Beginning on August 9, 2022, Defendant employed Plaintiff, who is "black/African American," as its Marketing Communications Director. Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶¶ 3, 8-9. Defendant terminated Plaintiff two days later, on August 11, 2022. *Id.* ¶ 12. According to Plaintiff, during her brief tenure, white employees talked down to her and called her "aggressive and outspoken, which are stereotypical terms traditionally used against black/African American individuals." *Id.* ¶ 11. Moreover, Plaintiff allegedly was "not afforded the same or similar terms, conditions[,] and privileges as are afforded to non-black/African American marketing communications directors in Defendant's place of employment, including but not limited to, being approved for hybrid work." *Id.*

Defendant terminated Plaintiff for allegedly lying on her résumé after Defendant's Human Resources representative, Stephanie Hrnack, checked Plaintiff's LinkedIn page. *Id.* ¶ 12. Plaintiff

previously worked with Hrnack for another employer and believes that Hrnack "held a grudge against Plaintiff based on their work history." *Id.* Plaintiff claims that Hrnack fired her because of both their "bad blood" and racial animus. *Id.*

As a result of the foregoing, Plaintiff brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Compl. ¶ 1. Plaintiff brings claims for race discrimination, retaliation, and harassment/hostile work environment under both statutes. *Id.* ¶ 8. Defendant moved to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a response. But "[e]ven where a party 'ha[s] not briefed [an] issue at all, Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting' a motion to dismiss." *Walker v. Stroman*, No. 20-50602, 2022 WL 2073834, at *3 (5th Cir. June 9, 2022) (second and third alterations in original) (quoting *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780

(5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### III. ANALYSIS

Section 1981 prohibits discrimination on the basis of race in making and enforcing contracts. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citing 42 U.S.C. § 1981(a)). Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color." 42 U.S.C. § 2000e-2(a)(1). Both statutes also prohibit retaliation. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008) (Section 1981); 42 U.S.C. § 2000e-3(a) (Title VII). In the Fifth Circuit, the "analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 417 (5th Cir. 2023) (citation omitted). Therefore, the Court's analysis below applies to Plaintiff's claims under both statutes.

#### *A. Race Discrimination*

Based on the Complaint, Plaintiff appears to bring a race discrimination claim based on disparate treatment, which challenges "employment actions that treat an employee worse than others based on the employee's race [or] color." *Id.* (citation omitted). At the pleading stage, a plaintiff bringing such a claim "must plausibly set out facts that the defendant took the adverse employment action . . . *because of* her protected status." *Id.* (citation and internal quotation marks

omitted). Plaintiff challenges two employment actions: the denial of hybrid work and her termination. Compl. ¶¶ 11-12. Even if the Court assumes for the sake of argument that the denial of hybrid work rises to the level of an adverse employment action, Plaintiff's claim fails because she does not show that either that action or her termination were based on her race.

Defendant argues that Plaintiff has not pleaded that she was replaced by someone outside her protected group or treated less favorably than a similarly situated employee outside her protected group. Mot. 7-8. But such a showing is not required to defeat a motion to dismiss. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) ("A district court . . . errs by requiring a showing of each prong of the prima facie test for disparate treatment at the pleading stage." (cleaned up)); *Jenkins v. City of Dallas*, 717 F. Supp. 3d 528, 537 (N.D. Tex. 2024) (stating that allegations that "similarly situated employees outside the plaintiff's protected class were treated differently . . . are not necessary" to survive a Rule 12(b)(6) motion (citation omitted)).

Nevertheless, Plaintiff must allege some facts to show that she was terminated or denied hybrid work because of her race, and she does not do so. Plaintiff claims that Hrnack terminated her due to a grudge based on their prior work history, then adds that the decision was "based on racial animus." Compl. ¶ 12. This conclusory statement, without more, is insufficient to "nudge [Plaintiff's] claim of purposeful discrimination across the line from conceivable to plausible." *Ashcroft*, 556 U.S. at 683 (cleaned up). Just as conclusory is Plaintiff's allegation that unidentified individuals outside of her protected class were approved for hybrid work. Compl. ¶ 11. Finally, Plaintiff contends that unidentified employees called her "aggressive and outspoken, which are stereotypical terms traditionally used against black/African American individuals." *Id.* Plaintiff does not connect these comments to the challenged employment actions in any way. Without more,

the Court cannot conclude that Defendant took any adverse employment action against Plaintiff because of her race, and the Court must dismiss Plaintiff's race discrimination claim.

### B. Retaliation

To plead a retaliation claim, Plaintiff must adequately allege that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citation omitted). Defendant contends that Plaintiff has not alleged that she engaged in any protected activity. Mot. 9. The Court agrees.

Protected activities consist of opposing any practice deemed an unlawful employment practice by Title VII or making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII. *Ellis v. Compass Grp. USA, Inc.*, 426 F. App'x 292, 296 (5th Cir. 2011) (citation omitted); *see also Scott*, 16 F.4th at 1209 (stating that an employee engages in protected activity under Section 1981 when she opposes a practice outlawed by Title VII (citation omitted)). Here, Plaintiff does not allege that she opposed any unlawful practice or participated in any investigation, proceeding, or hearing prior to her termination or any other alleged adverse employment action. Therefore, the Court dismisses Plaintiff's retaliation claim.

### C. Harassment/Hostile Work Environment

To state a claim for hostile work environment, Plaintiff must plead that (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) Defendant knew or should have known of the harassment and failed to take prompt remedial action. *English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019)

(citation omitted). Defendant correctly contends that Plaintiff fails to allege facts supporting the fourth element, harassment affecting a term, condition, or privilege of employment. Mot. 6-7.

"For harassment to alter the conditions of a person's employment, 'the conduct complained of must be both objectively and subjectively offensive.'" *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1066 (5th Cir. 2023) (quoting *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)). Relevant considerations in determining whether harassment is objectively offensive include the frequency and severity of the conduct, whether the conduct is physically threatening or humiliating or a mere offensive utterance, and whether the conduct interferes with the employee's work performance. *Id.* at 1066-67 (citation omitted).

As to frequency, Plaintiff only worked for Defendant for three days and does not specify how frequently the alleged harassment occurred during that short period of time. *See* Compl. ¶ 8. As to severity, Plaintiff points to insufficiently serious isolated incidents. Plaintiff alleges that she "was talked down to," "called aggressive and outspoken," and not given approval for hybrid work. *Id.* ¶ 11. Teasing, "offhand comments, and isolated incidents (unless extremely serious)" cannot support a hostile work environment claim. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted). Although the terms "aggressive and outspoken" may be demeaning, Plaintiff has not alleged which employees used the terms, how often they were used, or that she was humiliated by their use. *See, e.g., Price*, 88 F.4th at 1067 (finding that the terms "boy" and "you people" were insufficiently severe where there were only two instances of their use). Plaintiff also does not allege any facts showing the severity of being talked down to or not being approved for hybrid work. Finally, Plaintiff has not pleaded that the alleged harassment interfered with her work performance. As such, the Court dismisses Plaintiff's hostile work environment claim.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint [ECF No. 6]. Plaintiff must seek leave to file an amended complaint by **November 18, 2024**. If a motion for leave to file, with the proposed amended complaint attached, is not filed by this date, Plaintiff's claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED November 4, 2024.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

7